IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

---

CHRISTINE CHAVEZ, parent and
next friend of LLOYD BEGAY, a
minor,

      Plaintiff,

vs.

UNITED STATES OF AMERICA and
MAZDA MOTOR OF AMERICA,
INC. d/b/a MAZDA NORTH
AMERICAN OPERATIONS and
MAZDA MOTOR CORPORATION,

      Defendants.

No. 02cv1034 PK/RHS

---

MEMORANDUM OPINION AND ORDER

---

THIS MATTER comes on for consideration of Defendant Mazda Motor

Corporation's Motion Objecting to Jurisdiction and to Quash Service filed May

29, 2003 (Doc. 56).  Upon consideration thereof,

(1) Plaintiff sought to serve Mazda Motor Corporation ("MMC"), the

Japanese manufacturer of the vehicle with an allegedly defective airbag, by

mailing a summons, complaint, and a waiver of service of summons form to in-

house counsel located in California for the other Mazda defendant, Mazda Motor

of America, Inc. d/b/a Mazda North American Operations ("MNAO").  Doc. 57,

Ex. B.  Plaintiff also mailed a summons and complaint to "Mazda Motor

Corporation, Attn: Legal Department," in Japan.  Doc. 57, Ex. C.  MMC contends that the service does not comply with the Hague Convention because Plaintiff did not make service on a central authority (the Japanese Minister of Foreign Affairs) as required by Articles 2-6 and Japan's adoption of the convention.  <u>See</u> Fed. R. Civ. P. 4(f)(1); Convention on Service Abroad of Judicial or Extrajudicial Documents on Civil and Commercial Matters, Nov. 15, 1965, 20 U.S.T. 361. MMC further contends that Japan does not allow service by mail directly on a Japanese defendant because Article 10(a)[1] properly interpreted only allows the sending of subsequent documents by mail after service by other means.  <u>See Nuovo Pignone SPA v. Storman Asia M/V</u>, 310 F.3d 374, 383-84 (5th Cir. 2002); <u>Bankston v. Toyota Motor Corp.</u>, 889 F.2d 172, 173 (8th Cir. 1989).  MMC also argues that the purported service by mail upon MMC was improper under Fed. R. Civ. P. 4(d) because there was no "request that the defendant waive service of a summons," Fed. R. Civ. P. 4(d)(2), and it was not addressed "to an officer or managing or general agent (or other agent authorized by appointment or law to receive service of process)."  Fed. R. Civ. P. 4 (d)(2)(A).

(2) There is a circuit split as to whether Article 10(a) allows service of process by mail directly on a defendant and without translation of the documents.

---

[1]   Provided the State of destination does not object, the present Convention shall not interfere with -
(a) the freedom to send judicial documents, by postal channels, directly to persons abroad . . .

Plaintiff urges the court to follow the line of authority that holds that Article 10(a) so allows given the purpose of the Convention.  See Koehler v. Dodwell, 152 F.3d 304, 307-08 (4th Cir. 1998); Ackermann v. Levine, 788 F.2d 830, 839 (2d Cir. 1986).  The Tenth Circuit has not weighed in on the circuit split, but the court agrees with this authority.  The court also notes that the 1993 Advisory Committee Note to Rule 4(d), takes a practical approach:  "[T]here is no useful purpose achieved by requiring a plaintiff to comply with all the formalities of service in a foreign country, including costs of translation, when suing a defendant manufacturer, fluent in English, whose products are widely distributed in the United States."  That does not end the matter, however, because Plaintiff did not comply with Fed. R. Civ. P. 4(d).  Basic compliance with Rule 4(d) ought to be an essential prerequisite of Plaintiff's request that MMC waive service of a summons and return the waiver within 60 days of the request.  Fed. R. Civ. P. 4(d)(2)(F).

Plaintiff also argues that service on MNAO was proper because MNAO is a subsidiary of MMC and an identity of interests exists.  See Gallagher v. Mazda Motor of Am., Inc., 781 F. Supp. 1079, 1085 (E.D. Pa. 1992).  The underlying facts of the relationship between MNAO and MMC are disputed and the court is not persuaded that the distinction between the two entities should be disregarded.  Accordingly, Plaintiff's attempted service on MMC will be quashed, with leave serve MMC properly within 30 days from the date of entry of this order.

-3-

NOW, THEREFORE, IT IS ORDERED THAT

(1)  Defendant Mazda Motor Corporation's Motion Objecting to Jurisdiction and to Quash Service filed May 29, 2003 (Doc. 56), is granted in part and denied in part.

(2)  Plaintiff's attempted service on MMC is quashed.

(3)  Plaintiff shall be given leave to serve MMC properly within 30 days from the date of entry of this order.

(4) In all other respects, the motion is denied.

DATED this <u>8th</u> day of July 2003, at Santa Fe, New Mexico.

_Paul Kelly Jr._
United States Circuit Judge
Sitting by Designation

Counsel:

Karen J. Meyers and Brian S. Colon, Aguilar Law Offices, P.C., Albuquerque, New Mexico, for Plaintiff.

Jeffrey M. Croasdell, Rodey, Dickason, Sloan, Akin & Robb, P.A., Albuquerque, New Mexico, for Defendant Mazda Motor Corporation.