IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

CHRISTINE CHAVEZ, parent and next friend of
LLOYD BEGAY, a minor,

    Plaintiff,

vs.

Civil No. 02-CV-1034 PJK/RHS

UNITED STATES OF AMERICA,
MAZDA MOTOR OF AMERICA, INC.,
d/b/a MAZDA NORTH AMERICAN OPERATIONS and
MAZDA MOTOR CORPORATION,

    Defendants.

## FINDINGS OF FACT AND RECOMMENDED DISPOSITION REGARDING SETTLEMENT WITH THE UNITED STATES OF AMERICA[1]

THIS MATTER is before the Court on an application for approval of a settlement between Plaintiff Christine Chavez and Defendant United States of America. Court approval is necessary because of the presence of Lloyd Begay, who is a minor.[2] Having heard the presentations of counsel, along with the testimony of the parent Christine Chavez and her son Lloyd Begay, and having considered the report and recommendation of the Court's guardian ad litem presented at a hearing on April 30, 2004, the Court finds:

---

[1] Parties were advised of their right to file objections to this report and recommendation within ten days, pursuant to 28 U.S.C. § 636(b)(1). However, in order to expedite the approval of this settlement, counsel agreed at an April 30, 2004 hearing that they had no objections to the Court's proposed findings and recommended disposition.

[2] The general rule is that the court must give approval to a settlement when minor children are involved. The court "has a special obligation to see that [children] are properly represented, not only by their own representatives, but also by the court itself." Garcia v. Middle Rio Grande Conservancy Dist., 99 N.M. 802, 808, 664 P.2d 1000, 1006 (Ct. App. 1983), *overruled on other grounds by* Montoya v. AKAL Sec., Inc., 114 N.M. 354, 357, 838 P.2d 971, 974 (1992).



## FINDINGS

1. On August 20, 2002, Christine Chavez as parent and next friend of her child, Lloyd Begay, filed a Complaint for Negligence and Products Liability containing Federal Tort Claims Act ("FTCA") claims against the United States of America. On April 21, 2003, Christine Chavez as parent and next friend of her child, Lloyd Begay, filed an Amended Complaint for Negligence and Products Liability containing FTCA claims against the United States of America. Plaintiff claims that because of the negligence of Defendant United States's employees, her son was injured in a motor vehicle accident on August 25, 1999.

2. The injuries complained of herein occurred on August 25, 1999, when Lloyd Begay was a 7th grader in the front passenger seat of the personal vehicle of Anthony Mojarro, an employee of Santa Fe Indian School. For purposes of the FTCA, Mr. Mojarro is deemed a federal employee. Plaintiff claims that Mr. Mojarro was negligent in parking his car so that at a slow speed the front of the car contacted a cement step in the parking lot, causing the front airbags to deploy. Plaintiff claims that the United States, the Bureau of Indian Affairs ("BIA"), and/or Santa Fe Indian School were negligent in the supervision and training of its employees. Plaintiff claims that Lloyd Begay was injured from the impact of the car with the cement step and from the impact of the deployment of the airbag.

3. The settlement at issue pertains to Plaintiff's allegations against the United States, the BIA, Santa Fe Indian School, and Anthony Mojarro, who was at the time of the accident acting in the scope and course of his employment with the Santa Fe Indian School and the United States of America. This settlement does not address Plaintiff's claims against the Mazda Defendants (Mazda Motor of America, Inc., D/b/a Mazda North American Operations and Mazda Motor

Corporation), which claims are being addressed separately.

4. Lloyd Begay's alleged injuries are documented by Stephen J. Chiulli, Ph.D., clinical neuropsychologist, by Mark L. Berger, M.D., and by St. Vincent's Hospital. Lloyd Begay has allegedly incurred and will continue to incur medical expenses in the future, has suffered a loss of enjoyment of life, will suffer a loss of earnings and other benefits, and has endured and will continue to endure pain, suffering, and emotional distress.

5. Plaintiff was able to reach a settlement with Defendant United States, subject to the Court's approval. The terms of that settlement include a total payment of $30,000, which the United States is paying through Scottsdale Indemnity Company, since Santa Fe Indian School is an insured of Scottsdale Indemnity Company.

6. F. Michael Hart was appointed guardian ad litem as an "arm of the court" for Lloyd Begay and was present at the April 30th hearing to approve settlement.

7. Mr. Hart conducted a review of the pleadings and records related to Lloyd Begay's injuries and medical reports. He also reviewed the proposed settlement agreement ("Stipulation for Compromise Settlement and Release of Federal Tort Claims Act Claims Pursuant to 28 U.S.C. § 2677"). He met Lloyd Begay and Christine Chavez.

8. On April 30, 2004, the Court held a hearing on the parties' application for approval of the settlement. Counsel for Plaintiff and Defendant United States attended the hearing, as did Mr. Hart. Christine Chavez and Lloyd Begay were also present.

9. The specific terms of the settlement are as follows: Defendant United States of America through Scottsdale Indemnity Company, will pay the total sum of $30,000.00, pursuant to paragraph 11 below, which sum shall be in full settlement and satisfaction of any and all

claims, demands, rights, and causes of action of whatsoever kind and nature, arising from, and by reason of any and all known and unknown, foreseen and unforeseen bodily and personal injuries, damage to property and the consequences thereof, resulting, and to result, from the subject matter of this settlement, including any claims for wrongful death, for which plaintiff or her guardians, heirs, executors, administrators, or assigns, and each of them, now have or may hereafter acquire against Defendant United States of America, Anthony Mojarro, Santa Fe Indian School, Inc., the 19 Pueblos as owners and operators of the School and the Pueblo Governors, Scottsdale Indemnity Company, their agents, servants, and employees.

10. Defendant United States of America, Santa Fe Indian School, Inc., the 19 Pueblos as owners and operators of the School and the Pueblo Governors, their agents, servants, employees, employers, contractors, officers, directors, trustees and all other persons and entities and/or Scottsdale Indemnity Company have waived any right of contribution, indemnification or offset that Defendant may or may not have against Anthony Mojarro, Mazda Motor Corporation or MNAO, or against Christine Chavez and Lloyd Begay as a result of the incident which occurred on or about August 25, 1999 pertaining to any and all settlements, settlement amounts received or paid.

11. $15,000.00 of the settlement amount will be paid by check made out to Christine Chavez, as parent and next friend of Lloyd Begay, a minor, and Aguilar Law Offices, Plaintiff's attorney. Plaintiff is putting $15,000.00 into an annuity or other structured payment plan for the benefit of Lloyd Begay. Plaintiff as the fiduciary for Lloyd Begay, who turns age 18 in July of 2005, will use the funds for Lloyd Begay's needs, including educational and medical, and to satisfy any health care provider claims.

12. Plaintiff's counsel is restricted under the FTCA to an attorney's fee of no more than 25% of the total settlement, plus costs.

13. Plaintiff's counsel explained to Christine Chavez and to Lloyd Begay that all settlement funds are for the purpose and benefit of Lloyd Begay, in accordance with Leyba v. Whitley, 118 N.M. 435, 882 P.2d 26 (Ct. App. 1994), *reversed on other grounds*, 120 N.M. 768, 907 P.2d 172 (1995).

14. F. Michael Hart, the guardian ad litem, reported that the amount of the settlement is appropriate to the claims and defenses, that the settlement is fair and reasonable and in the best interests of Lloyd Begay, and he recommended that the settlement go forward. He also stated that he discussed with Christine Chavez and with Lloyd Begay the obligations of Ms. Chavez under Leyba, as noted above.

15. While Mr. Hart may choose to perform his services as guardian at litem on a pro bono basis, the Court authorized a fee for his services and directed that it be taken from the settlement proceeds. Mr. Hart may apply for and receive funds from the proceeds, based on his standard hourly rate.

16. The Court discharged Mr. Hart from his duties as guardian ad litem.

17. Christine Chavez and Lloyd Begay testified that they each understood that Plaintiff had no obligation to settle the case and could elect to go to trial if Plaintiff so chose. No one forced, coerced, or pressured Plaintiff to settle, and Plaintiff understood that trial might result in higher damages than those for which Plaintiff was settling, but might also result in a defense verdict. Ms. Chavez and Mr. Begay are satisfied with the services provided by Plaintiff's

attorneys. Ms. Chavez and Mr. Begay believe the settlement is fair, and they asked the Court to approve it.

18. Christine Chavez and Lloyd Begay were not under the influence of any medication, alcohol or drugs at the hearing. They understood that the proceeds of the settlement are intended for the benefit of Lloyd Begay. They understood that the terms of the settlement were final as to the claims raised in this lawsuit, and that there would be no opportunity to reopen this litigation to seek more money, or to file new claims against the United States.

19. Christine Chavez and Lloyd Begay understood that the settlement is contingent on the trial judge's acceptance of the Magistrate Judge's recommendation to approve the settlement. Christine Chavez and Lloyd Begay understood that if the trial judge declines to approve the settlement, then the agreement will be ineffective and the case will proceed to trial.

## CONCLUSION OF LAW

After consideration of the evidence, the presentations of counsel, and the guardian ad litem's report and recommendation, the undersigned Magistrate Judge concludes that the Court has jurisdiction over the parties and subject matter, and further concludes that this settlement is in Lloyd Begay's best interests. Therefore, the Court recommends that the settlement be approved, and that the case be dismissed with prejudice.

*Robert H. Scott*
Robert H. Scott
United States Magistate Judge

PREPARED AND SUBMITTED BY:

DAVID C. IGLESIAS
United States Attorney

CYNTHIA L. WEISMAN
Assistant U.S. Attorney
P.O. Box 607
Albuquerque, NM 87103
(505) 346-7274

R. GALEN REIMER
GALLEGHER, CASADOS & Mann, P.C.
317 Commercial St. NE #200
Albuquerque, NM 87102-3453
Phone: 243-7848

**Counsel for Defendant United States of America**

Approved by:


 Approved April 30, 2004
Karen J. Meyers, Esq.
Brian S. Colón, Esq.
AGUILAR LAW OFFICES, P.C.
1803 Rio Grande Blvd. N.W.
Albuquerque, NM 87104
(505) 242-6677

**Attorneys For Plaintiff**

Approved April 30, 2004
F. Michael Hart
EATON, MARTINEZ, HART & VALDEZ, P.C.
1801 Rio Grande Blvd. N.W.
Albuquerque, NM 87104
(505) 3431776

**Court Appointed Guardian Ad Litem**